## PALMER *v.* FLEMING.*

No. 8. Submitted December 10, 1894. Decided February 14, 1895.

HEARING on a motion to determine the scope of a former decree upon the subject of costs of appeal. *Overruled.*

*Messrs. Edwards & Barnard* for the motion.

*Mr. R. Ross Perry* opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

A motion has been made in this cause to determine the scope of so much of the decree of the court as decides that two-thirds of the costs of the appeal are to be paid by the appellant Thomas W. Palmer, and one-third by the defendant Robert I. Fleming, by directing the taxation of one-third of the cost of printing the record and testimony against the said defendant Fleming.

This was one of the causes that was transferred to this court from the General Term of the Supreme Court of the District of Columbia; and the costs of the cause should be governed to some extent by the rules in force with regard to appeals in that court. Those rules required that, in all appeals from final decrees rendered at special term, the appellant should cause to be printed an abstract of the pleadings, not to exceed one-fourth of the number of folios in the original pleadings; that ten printed copies of such abstract should be filed; and that the costs of such printing should be taxed against the losing party. These seem to have been all the costs that were incurred in appeals to the General Term of that court, except the cost of such entries as the clerk of the court was required to make.

---

*See Palmer v. Fleming, 1 App. D. C. 528.

Notwithstanding the requirement of the rule, the appellant thought proper to cause the whole record, including the pleadings, testimony, the auditor's report, all the exhibits annexed thereto, and all the proceedings of the court in special term, to be printed. This it was his right to do; and there is no reason to complain of his action, if he deemed it necessary for the proper presentation of his case on appeal, as we must presume he did. But, under the rule, and in view of its provisions, he certainly could not expect to be allowed the costs of such printing, if the appeal had been heard and determined in the General Term. He could be allowed only, in the event of his success, such portion of the cost as would compensate him for the expense of printing an abstract of the pleadings such as was contemplated by the rule. In the printed record that was used at the hearing, the pleadings, including therein the auditor's report and the exceptions thereto, occupied thirty-two pages; so that, at the utmost, only the cost of eight printed pages would be taxed against the defendant by the General Term in the event of the success of the appeal; and a sufficient abstract might even fall short of that number.

Upon the organization of this court, while special provision was made that the appellant should in all cases cause to be printed such parts of the record, including an abstract of the pleadings, as would be material to the full presentation of the points or questions for review, and that the costs of such printing should be taxed as costs in the case against the losing party, or as might be specially directed by the court, the appellant was subjected to no additional cost by this rule, for no printing was done in pursuance of it.

But the most serious objection to the allowance of the appellant's motion lies in the fact that it is practically impossible to segregate such portions of the record as appertain to the controversy betweeen the appellant and the

defendant Fleming from those that appertain to the controversy between the appellant and the defendant Thomas. It would be manifestly unjust to charge Fleming with any part of the costs incurred by the appellant in his controversy with Thomas; and as the appellant has himself commingled the two, we do not think that either the court or the clerk should be required to examine the record critically, and separate the one portion from the other. As we have intimated, we regard this as impracticable to be done.

The decree of the court below allowed costs to Fleming. We practically affirmed that decree, modifying it only to the extent of charging him with a sum of $148.76, claimed by the appellant, and admitted by counsel for Fleming to have been erroneously charged by the latter against the appellant. It was in view of this erroneous charge, and of the modification of the decree of the court below on account of it, that we charged Fleming in this court with one-third of the costs of the appeal. We did not intend thereby to charge him with such costs as had been voluntarily incurred by the appellant, and especially with the costs arising out of the controversy with the defendant Thomas. We understand that Fleming has paid his share of the costs of this court. We think that this is all with which he was justly chargeable under our decree, and all with which we intended that he should be charged.

We must, therefore, *overrule the motion to tax him with the one-third part of the cost of the printed record.*